IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL BUTT, JR.,

                        Plaintiff,

    vs.                                                CIVIL NO.  03-95 WJ/LFG

BANK OF AMERICA, NA,

                        Defendant.

## MEMORANDUM GRANTING PROTECTIVE ORDER AND DENYING PLAINTIFF'S REQUEST TO ESTABLISH NEW CASE MANAGEMENT DEADLINES

THIS MATTER is before the Court on Defendant's Objections and Motion for Protective Order Regarding Plaintiff's Untimely Written Discovery Requests [Doc. 74]. Upon receipt of the motion and prior to expiration of Plaintiff's response time, the Court scheduled a telephone hearing on the motion on March 24, 2004.[1]

It is undisputed that the Court's order setting case management deadlines [Doc. 22] established a September 22, 2003 deadline for completion of discovery.  Subsequently, the Court extended the discovery deadline based on the parties' joint motion to amend case management deadlines, and that order extended discovery through February 27, 2004 [Doc. 52].

---

[1] So as to reduce the costs of litigation as required under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court conducts telephonic hearings on motions of this nature.  This process allows for the expeditious, efficient and economic disposition of motions.

Plaintiff was given a full and fair opportunity to respond to the motion during the course of the telephonic hearing.

Because the Plaintiff Paul Butt, Jr. ("Butt") had been unavailable for completion of his deposition, the parties stipulated and the Court agreed to extend the discovery deadline to March 8, 2004 for the sole purpose of completing his deposition [Doc. 73].

Without seeking any further extension of the discovery deadline and without obtaining the Court's concurrence in modifying case management deadlines, Butt served his First Interrogatories, First Request for Admissions and Second Request for Production of Documents on February 26, 2004. The Interrogatories, Request for Admissions and Request for Production could not be answered prior to the expiration of the discovery deadline, February 27, 2004. This district has long followed the requirement that discovery requests must be served with sufficient time so that the answers can be provided prior to the expiration of the discovery deadline. In this case, the Court concludes that Butt's formal discovery requests are untimely and that Defendant Bank of America ("Bank") need not respond to these requests.

The Court notes that its case management plan and subsequent modification of discovery deadlines afforded the parties ample opportunity within which to complete discovery. Indeed, Butt's February 26, 2004 formal discovery was not served for more than 300 days after the discovery period in this case commenced.[2] Butt requested, through counsel, that new case management deadlines be imposed. However, the Court notes that

---

[2]Butt's present counsel, Mr. Threet, was not responsible for Butt's failure to complete discovery. Mr. Threet entered his appearance on or about the time the Court conducted the Rule 16 settlement conference.

the dispositive motion filing deadline is next week and that a trial date is set on this case. Allowing an extension of discovery deadlines would adversely affect the existing motion practice deadline and trial date.  Butt failed to provide any substantial justification or cause for his failure to engage in discovery within the original time or subsequent extension authorized by the Court.  Allowing Butt to start discovery now would be contrary to the two-pronged goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, in that it would delay the disposition of this case and increase costs.

Thus, the Court declines to require Bank to answer this untimely discovery and therefore grants Bank its request for protection.  The Court further denies Butt's request to establish new case management deadlines.

Lorenzo F. Garcia
Chief United States Magistrate Judge