IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL BUTT, JR.,

    Plaintiff,

v.                                          Civil No. 03-0095 WJ/LFG

BANK OF AMERICA, N.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO STRIKE JURY DEMAND**

THIS MATTER comes before the Court pursuant to Defendant's Motion to Strike Plaintiff's Jury Demand [Docket No. 77]. Having reviewed the submissions of the parties and being otherwise fully advised, I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff's original Complaint in this action was styled as a Petition for Accounting and Other Relief,[1] alleged that Plaintiff is the beneficial owner of a Lease held in trust by the Defendant, requested a full accounting of all royalty income and other profits paid to Defendant and its predecessors in interest, and requested that Defendant pay to Plaintiff any distributions that should have been made but were not together with interest.

On January 30, 2003, Defendant filed a Motion to Dismiss [Docket No. 3] arguing that Plaintiff's action was time barred because New Mexico law requires that trust beneficiaries bring accounting claims against trustees within six years after such claims accrue and that such claims

---

[1] This Complaint was filed in the Second Judicial District, County of Bernalillo, State of New Mexico and was subsequently removed to this Court on January 21, 2003 [Docket No.1].

accrue when a trust receives and fails to distribute funds to the beneficiary. On March 20, 2003, Plaintiff filed an Amended Complaint [Docket No. 15] which includes similar factual allegations as the original complaint but alleges two separate claims. The first claim is for a breach of fiduciary duty and the second is for breach of contract. The breach of contract claim alleges that Defendant, as successor trustee, owed a contractual duty to Plaintiff to account for all profits from trust property. The prayer for relief in the Amended Complaint requests damages in the amount of trust profits that were wrongfully withheld. On March 18, 2003, immediately prior to filing the Amended Complaint, Plaintiff filed a Jury Demand [Docket No. 14]. Defendant filed the instant motion arguing that Plaintiff is not entitled to a jury because the only relief sought is equitable.

**DISCUSSION**

The Seventh Amendment to the Constitution of the United States preserves the historic English common law right to a jury trial for suits in which legal, as distinct from equitable, rights are to be determined. See U.S. Const. amend VII; Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 348 (1998); Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1159 (10th Cir. 1998); Fed. R. Civ. P. 38(a). Thus, the Seventh Amendment provides a litigant a constitutional right to a jury when actions are brought that are analogous to common law causes of action decided in English courts of law in the late 18th century, as opposed to those heard by courts of equity or admiralty during the same period.

Generally, actions by a beneficiary against a trustee sound in equity, and a beneficiary's remedies are exclusively equitable. See Adams, 149 F.3d at 1161-61; Restatement (Second) of Trusts § 197 (1959). A trustee who fails to perform his duties is generally not liable to a

beneficiary for breach of contract because the document setting up the trust is a conveyance of the beneficial interest in property rather than a traditional contract.  See Restatement (Second) of Trusts § 197 comment b.  The fact that the trustee may have promised to perform the trust does not create an action at law for breach of contract.  Id.; see also Drake v. Rueckhaus, 360 P.2d 395, 399 (N.M. 1961);  However, if a trustee is under a duty to pay money immediately and unconditionally to a beneficiary, the beneficiary may bring an action at law to enforce payment.  See Restatement (Second) of Trusts § 198 (1959); see also Kaitz v. District Court, 650 P.2d 553, 55 (Colo. 1982); Drake, 360 P.2d at 395; cf. Adams, 149 F.3d at 1160 (stating that an action by a recognized beneficiary to enforce the unambiguous terms of a plan is more readily characterized as a breach of contract action than a general eligibility claim).

In this case, Plaintiff seeks to enforce payment to him of trust profits.  The allegations of the complaint sufficiently allege that the trustee has an unconditional and immediate duty to distribute profits.  Thus, Plaintiff may maintain an action at law to enforce payment of the profits and is entitled to a jury trial of his legal claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand [Docket No. 77] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE