## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

PAUL BUTT, JR.,

     Plaintiff,

v.                                                             Civil No. 03-0095 WJ/LFG

BANK OF AMERICA, N.A.,

     Defendant.

### MEMORANDUM OPINION AND ORDER ON
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendant's Motion for Summary

Judgment [Docket No. 78].  Having reviewed the submissions of the parties and being otherwise

fully advised, I find the motion should be granted in part and denied in part as herein set forth.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed his original Complaint in state court.  The original Complaint was styled as a

Petition for Accounting and Other Relief, alleged that Plaintiff is the beneficial owner of a Lease

held in trust by the Defendant, requested a full accounting of all royalty income and other profits

paid to Defendant and its predecessors in interest, and requested that Defendant pay to Plaintiff,

together with interest, any distributions that should have paid.  Defendant removed the case to

this Court and filed a motion to dismiss Plaintiff's action arguing that Plaintiff's claim was time

barred because New Mexico law requires that trust beneficiaries bring accounting claims against

trustees within six years after such claims accrue.  Plaintiff then filed an Amended Complaint

[Docket No. 15] which includes similar factual allegations as the original complaint but alleges

two separate claims.  The first claim is for a breach of fiduciary duty and the second is for breach

of contract.  Following are the facts underlying Plaintiff's claims.

Before or during 1931, Fred Luthy, Sr. (Luthy), E.T. Buckley (Buckley) and Paul Butt, Sr. decided to acquire a state oil and gas lease.  According to the parties, the State of New Mexico did not allow more than one lessee to be designated on its state mineral leases in 1931.[1] Thus, Luthy, Buckley and Paul Butt, Sr. created a trust with Luthy as trustee and with each having a one-third beneficial interest in the property of the trust.  In 1931, the State of New Mexico issued oil and gas lease A-4096 to Luthy as trustee for the equal benefit of Luthy, Buckley and Paul Butt, Sr.  As trustee, Luthy held the legal interest in the trust property, namely the oil and gas lease, and was given complete control and final decision-making authority in all matters pertaining to trust property.  In 1948, Luthy executed a Declaration of Trust memorializing the trust.  By 1948, some portions of the lease had been assigned to third parties with Luthy reserving in those portions an overriding royalty interest for the trust.

At some point in time, Buckley's interest as a trust beneficiary passed to George A. Kaseman.  Under Kaseman's last will and testament, Albuquerque National Trust and Savings Bank became trustee of his testamentary trust and succeeded to his one-third beneficial interest in the lease.  After five years, this interest was transferred to Defiance Coal Company.

In 1953, Paul Butt, Sr. died, and his son, Paul Butt, Jr. who is the Plaintiff in this action, succeeded to his interest as a one-third beneficiary of the trust.  Luthy remained as trustee.  In 1954, Luthy, by affidavit, reaffirmed the trust, acknowledged Plaintiff's one third  beneficial interest in the trust property, and reaffirmed his own complete control of the handling and

---

[1]By adopting this fact from the parties' briefs, the Court does not pass on whether this is a correct statement.

2

disposition of trust property. Plaintiff signed Luthy's affidavit and thereby agreed that the facts recited in Luthy's affidavit were true and correct.

Nothing in the 1948 Declaration of Trust or Luthy's 1954 affidavit reaffirming the trust sets forth what was to happen to the trust upon the death or resignation of Luthy. There are no provisions for the appointment of a successor trustee.

Luthy died in 1963. Luthy had served as president of the Albuquerque National Bank (ANB) for approximately 25 years prior to his death. Upon his death, ANB became executor of Luthy's estate as well as trustee of his testamentary trust. Through mergers and acquisitions, ANB became Sunwest Bank, then NationsBank, and in 1999, Bank of America, the Defendant in this case.

The record title holder of oil and gas lease A-4096 is still Fred Luthy, and upon his death, ANB became trustee of Luthy's testamentary trust. Plaintiff alleges that ANB also became trustee, in place of Luthy, of the trust holding the oil and gas lease of which he was a beneficiary and that Defendant, as the successor in interest to ANB, is currently the trustee of the trust. Defendant denies that it became trustee of the trust and urges that the trust dissolved upon Luthy's death.

Plaintiff provides evidence that ANB, after the death of Luthy, received income from the oil and gas lease attributable to the interests of the beneficiaries, periodically billed Plaintiff for a share of the expenses attributable to the trust property, periodically paid Plaintiff a share of the income attributable to the trust property, periodically executed assignments and other documents on behalf of the beneficiaries, filed tax returns with regard to the A-4096 lease, and maintained possession of all books, records and correspondence related to the original trust, the oil and gas

lease, and the ongoing details associated with the management of the lease. According to

Plaintiff, records maintained by the Defendant included Luthy's 1948 declaration of trust.

Conversely, Defendant provides evidence that an inventory of the estate of Luthy filed in

the district court of the State of New Mexico, County of Bernalillo, lists as an asset an undivided

one-third interest in the oil and gas lease. This, Defendant maintains, is the only interest to which

Defendant succeeded as the trustee of Luthy's testamentary trust. As trustee of the Luthy

testamentary trust, Defendant acknowledges a responsibility to assure that rental payments due

each year to the State of New Mexico under the oil and gas lease are paid. Defendant denies it

has any responsibility for the management of the oil and gas lease. Defendant states there is no

evidence related to the disposition of the trust following Luthy's death. Defendant also contends

there is no evidence indicating that ANB became trustee for the trust of which the oil and gas

lease was property. Defendant provides evidence that on April 12, 1972, a Trust Officer of ANB

signed an affidavit relating the understanding of ANB that Luthy, Plaintiff, and Defiance Coal Co.

held the lease in a partnership and that the partnership terminated upon the death of Luthy.

Defendant contends that each successor in interest to a beneficial interest in the oil and gas lease

have managed their own interest since Luthy's death. Defendant provides evidence that Plaintiff

began receiving overriding royalty payments on one well covered by the lease in 1972 and on

another well covered by the lease in 1977 and that Plaintiff signed assignments and conveyances

with regard to the lease and overriding royalty payments as early as 1963 and as late as 1994.

Plaintiff's testimony indicates he signed the above assignments and conveyances because

they were provided to him by Defendant or its predecessors requesting his signature. Plaintiff

argues there is no evidence that the trust was dissolved upon Luthy's death, there is no evidence

4

the Defendant or its predecessor banks disclaimed the role of trustee or repudiated the trust, that, in administering the Estate of Luthy, Defendant's predecessors assumed the same fiduciary position with regard to Plaintiff as Luthy had assumed during his lifetime, and that Defendant and its predecessors have, in fact, acted as fiduciaries with regard to the trust property by engaging in the management of the res of the trust.

Defendant urges that Plaintiff's claims are time barred. Defendant's evidence shows that the actual production of oil and gas from wells is a matter of public record. Defendant urges that Plaintiff knew or should have known no later than 1977 of any deficiencies in the overriding royalty payments he received. Plaintiff avers that he did not become aware until 2001 that the income he had received from the trust was far less than it should have been based on the actual production of oil and gas from wells located on the trust property. His affidavit asserts that his lack of prior knowledge was, in part, due to Defendant's possession and control of all documents relating to the trust and the A-4096 oil and gas lease, including Luthy's Declaration of Trust signed in 1948. Plaintiff did not obtain any of these documents until 2001. Plaintiff avers that he has still not received copies of all records related to the A-4096 lease, and this information is part of the relief he seeks in this action.

Defendant filed the instant motion for summary judgment arguing that Plaintiff's claims are barred by the applicable statute of limitations and by the doctrine of laches. Defendant also urges that it is entitled to summary judgment on Plaintiff's claim for breach of fiduciary duty because there is no fiduciary relationship between it and Plaintiff and, even if there was a fiduciary relationship, it was not breached by Defendant and Defendant is not liable for any breach by its predecessor, Luthy. Defendant contends it is entitled to summary judgment on Plaintiff's claim

5

for breach of contract because there is no contract between it and Plaintiff, if there was a contract, it is void, and, if there was a contract, Defendant did not breach the contract.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Worrell, 219 F.3d at 1204; Jeffries, 147 F.3d at 1228.

**DISCUSSION**

I.      ARE THERE FACT ISSUES WITH REGARD TO THE ACCRUAL OF PLAINTIFF'S CLAIMS SUCH THAT DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE BASIS OF THE STATUTE OF LIMITATIONS DEFENSE?

Defendant argues in its motion that Plaintiff's claims are time barred because they are subject to a four year statute of limitation, that the four years began to run when Plaintiff discovered or, by the exercise of ordinary diligence, could have discovered his right of action, and that Plaintiff, by ordinary diligence, should have discovered his right of action no later than 1963, more than forty years before he filed this cause of action.  As support for its position that Plaintiff should have discovered his right to an accounting no later than, and likely well before, 1963, Defendant points out that oil and gas production from oil and gas leases is a matter of public

6

record.  Defendant urges that Plaintiff asked Luthy for an accounting on several occasions during

Luthy's administration of the trust because Plaintiff often asked Luthy how things were going

with the oil and gas lease.  Defendant contends that Plaintiff knew or should have known that an

accounting was due upon the death of Luthy, knew that Defendant's predecessor bank disclaimed

the role of trustee in 1963, knew that Defendant and its predecessors repudiated the trust by

having Plaintiff sign assignments with regard to the oil and gas lease, and directly received

royalties from at least one well covered by the oil and gas lease.

      Plaintiff concedes that the four year statute of limitation applies to his claims and that the

four year period began to run when he discovered or should reasonably have discovered his

claims.  He argues, however, that he did not have sufficient notice of his potential claims until he

received the Declaration of Trust from Defendant in July 2001.  He disputes that he made any

request of Luthy for an accounting.  Instead, he states that he sometimes informally asked Luthy

how things were going with the oil and gas lease, that these conversations were informal, and that

his relationship with Luthy was not an arms length relationship in which he would have questioned

Luthy's administration of the oil and gas lease.  Plaintiff disputes that he had any reason to know

that he was due an accounting upon the death of Luthy.  He further disputes that Defendant's

predecessor disclaimed the role of trustee or that Defendant or its predecessors repudiated the

trust.

      The statute of limitations for both of Plaintiff's claims is found in N.M. Stat. Ann. 1978 §

37-4-1 which bars claims after four years for breach of unwritten contracts and all other actions

not otherwise provided for by statute.  This "catchall" provision includes Plaintiff's claim for

breach of fiduciary duty as there is no statutory provision specifically addressed to such claims.

Under New Mexico law, the four year time period begins to run when a claimant discovers his right of action or, by the exercise of reasonable or ordinary diligence, should have discovered his right of action. Ramsey v. Culpepper, 738 F.2d 1092 (10th Cir. 1984); Brown v. Behles & Davis, 86 P.3d 605 (N.M. App. 2004). The issue of when a Plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact. Brown, 86 P.3d at 609-10; accord Maughan v. SW Servicing, Inc., 758 F.2d 1381 (10th Cir. 1985) (applying Utah state law).

In this case, there are genuine issues of material fact with regard to when Plaintiff discovered or, with reasonable diligence, should have discovered his right of action. This is particularly true given that the statute of limitation does not run between a trustee and a beneficiary until there has been a repudiation of the trust, and the burden is on a trustee to prove repudiation. Granado v. Granado, 760 P.2d 148 (N.M. 1988); Miller v. Miller, 490 P.2d 672 (N.M. 1971). Assuming, for purposes of the statute of limitation issue, the existence of a fiduciary relationship between Defendant and Plaintiff, the evidence in this case at the summary judgment stage does not show that, as a matter of law, Defendant disclaimed or repudiated the trust. Therefore, Defendant is not entitled to summary judgment with regard to Plaintiff's claims on its statute of limitation defense.

II.   ARE THERE FACT ISSUES WITH REGARD TO PLAINTIFF'S KNOWLEDGE OF ANY POTENTIAL CLAIM SUCH THAT DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE BASIS OF THE EQUITABLE DEFENSE OF LACHES?

Defendant urges that, even if the statute of limitation does not bar Plaintiff's claims, the claims are barred by the doctrine of laches. "The doctrine of laches prevents litigation of a stale claim where the claim should have been brought at an earlier time and the delay has worked to the

prejudice of the party resisting the claim." Garcia v. Garcia, 808 P.2d 31, 38 (N.M. 1991). "While both defenses, limitations and laches, share a common underpinning in their policy to prevent litigation of stale claims, laches is the more flexible defense, allowing the particular facts of a dispute to be considered in determining whether a party should be foreclosed from bringing a claim because of a delay in asserting his or her rights." Id. A beneficiary is not barred merely by lapse of time from enforcing a trust. Restatement (Second) of Trusts §219 (1959).[2] However, a beneficiary cannot hold a trustee liable for a breach of trust if he fails to sue for so long a time and under such circumstances as would make it inequitable to permit him to hold the trustee liable. Id. Thus, if a trustee repudiates a trust to the knowledge of the beneficiary, the beneficiary may be barred by the doctrine of laches from enforcing the trust. Id.

A party asserting the defense of laches has the burden of proving the elements of the defense. Id. In this case, then, Defendant is not entitled to summary judgment unless it has proved (1) conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or

_____

[2]When federal courts are called upon to interpret state law, they must look to rulings of the highest state court, and if no such rulings exist, must endeavor to predict how the high court would rule. Johnson v. Riddle, 305 F.3d 1107, 1118 (10th Cir. 2002); Lampkin v. Little, 286 F.3d 1206, 1210 (10th Cir. 2002). New Mexico state courts often turn to the Restatement (Second) of Trusts for guidance. See Aragon v. Rio Costilla Co-op. Livestock Ass'n, 812 P.2d 1300 (N.M. 1991); Matter of Estate of McKim, 807 P.2d 215 (N.M. 1991); Watson Truck & Supply Co., Inc. v. Males, 801 P.2d 639 (N.M. 1990); Granado v. Granado, 760 P.2d 148 (N.M. 1988); Garcia v. Marquez, 684 P.2d 513 (N.M. 1984).

prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred.  Id.; Baker v. Benedict, 587 P.2d 430 (N.M. 1978).

There are disputed issues of material fact that preclude summary judgment on the basis of Defendant's defense of laches.  As has already been noted, there are disputed issues with regard to when Plaintiff had knowledge or notice of Defendant's conduct giving rise to the situation of which complaint is made and for which the complainant seeks a remedy.  Therefore, Defendant is not entitled to summary judgment on Plaintiff's claims on its defense of laches.

III.   ARE THERE FACT ISSUES WITH REGARD TO THE EXISTENCE OF A
       FIDUCIARY RELATIONSHIP AND THE BREACH OF A FIDUCIARY DUTY SUCH
       THAT DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT?

Defendant argues that there is no fiduciary relationship between Defendant and Plaintiff because the trust of which Luthy was trustee dissolved upon the death of Luthy, the property of the trust passed to each of the beneficiaries upon the death of Luthy, the Defendant and its predecessors never by their conduct acted primarily for the benefit of Plaintiff, Defendant's predecessors disclaimed the role of trustee, and Defendant and its predecessors repudiated the trust.  Plaintiff counters that Defendant and its predecessors, by their conduct, did not disclaim the role of trustee and, in fact, undertook the role of trustee.  There is no dispute that Luthy owed a fiduciary duty to Plaintiff.  The only issue is whether Defendant and its predecessors succeeded to that duty upon the death of Luthy.

First, Defendant's assertion that the trust ceased upon the death of Luthy is without merit.  It is well settled law that a trust will not fail upon the death of a trustee except as otherwise provided for by the terms of a trust.  Restatement (Second) of Trusts § 101 (1959).  Additionally, Defendant's assertion that the property of the trust was no longer owned by the trust but by the

10

former trust beneficiaries is without merit.  Defendant offers exhibits 5, 7 and 11 to show that the inventory of the estates of Paul Butt Sr., George Kaseman (successor in interest to Buckley) and Luthy included their one third interests in the trust property.  While it is true that Exhibit 11 shows Luthy's one third interest as an asset of his estate, exhibits 5 and 7 only show Paul Butt Sr.'s and George Kaseman's one third **beneficial** interests as assets of their estates.  Thus, exhibits 5 and 7 do not show that the legal interest in the trust property became vested in the beneficiaries at any time.  Defendant has admitted in its brief that the legal title to the trust property remains in the name of Luthy.  Moreover, upon the death of a sole trustee who has devised the trust property, the title to the trust property passes to the devisee, but is subject to the trust.  Restatement (Second) of Trusts § 105 (1959).

Defendant's contention that it did not assume the role of trustee by mere operation of being named the trustee of Luthy's testamentary trust is accurate.  A devisee who obtains legal title to trust property is not permitted to administer the trust unless he is so authorized by the terms of the trust.  Restatement (Second) of Trusts § 105 comment a.  However, in New Mexico, a fiduciary is one "having a duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking."  Moody v. Stribling, 985 P.2d 1210, 1216 (N.M. App. 1999) (citing Black's Law Dictionary 625 (6th ed. 1990).  Additionally, a trustee may accept a trust by word or conduct and cannot disclaim a trust after such acceptance.  Restatement (Second) of Trusts § 102 (1959).  Plaintiff contends that Defendant and its predecessors undertook the role of trustee by continuing to administer the trust for the benefit of Plaintiff after the death of Luthy.  Defendant disputes this.  Thus, there is a disputed issue of material fact with regard to whether Defendant and its predecessors undertook the role of trustee for the benefit of

11

Plaintiff, and Defendant is not entitled to summary judgment on Plaintiff's claim for breach of fiduciary duty.

IV.   IS DEFENDANT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BECAUSE THE CLAIM IS BARRED BY THE STATUTE OF FRAUDS AND BECAUSE DEFENDANT WAS NOT A PARTY TO ANY CONTRACT WITH PLAINTIFF?

Defendant alleges, and Plaintiff does not dispute, that the basis of Plaintiff's contract claim is an alleged oral promise made by Luthy to Plaintiff to essentially take care of Plaintiff's interest in the oil and gas lease.  Defendant contends that any agreement between Luthy and Plaintiff was not a contract because it was not supported by consideration.  Defendant alternatively argues that any contract between Luthy and Plaintiff was void because the contract could not be performed within one year and the contract was not in writing.  Defendant urges that any contract that existed was a contract between Luthy and Plaintiff, and Defendant was not a party to the contract. Plaintiff asserts that the agreement between Luthy and Plaintiff was supported by consideration because Luthy, in exchange for taking care of Plaintiff's interest, was given complete control and decision-making authority over the trust property.  Plaintiff argues that the partial performance of the agreement by Luthy obviated the necessity of a written contract.  Finally, Plaintiff appears to urge that Defendant and its predecessors became parties to the contract by their conduct in administering the trust property.

The Court finds unpersuasive Defendant's argument that the agreement between Luthy and Plaintiff lacked consideration.  As a general rule, "there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee.  It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that

12

something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction." Wester v. Trailmobile Co., 279 P.2d 526 at 528 (N.M. 1955). Luthy benefitted from his promise to Plaintiff to take care of everything regarding the oil and gas lease in that he retained complete control and decision-making authority over the trust property. This was sufficient consideration to support the promise.

Defendant is correct that Plaintiff's claim for breach of contract is barred by the statute of frauds. In a single sentence in his response brief, Plaintiff contends that the contract is taken out of the statute of frauds in this case because of the doctrine of partial performance. Plaintiff, however, fails to elaborate on the statement or offer any legal authority in support of the statement. The Court is loathe to do the work of the attorneys in a case, but is even more hesitant to grant or deny summary judgment without being fully informed on matters of law. Therefore, the Court dedicated significant resources to the study of the doctrine of partial performance in the context of the statute of frauds and has determined that it is inapplicable in this case. Because Plaintiff's counsel was not inclined to explain his position on the doctrine of partial performance to the Court, the Court is less than excited about giving a lengthy explanation of its ruling. While some explanation is necessary, the Court will give an abbreviated version.

New Mexico has adopted the English Statute of Frauds and Perjuries which provides that no action shall be brought upon an agreement that is not to be performed within one year unless the agreement is in writing and signed by the party to be charged. Skarda v. Skarda, 536 P.2d 257, 261 (N.M. 1975). Full or partial performance of an agreement may take the agreement out of the statute of frauds. Herrera v. Herrera, 974 P.2d 675, 679 (N.M. App. 1999). The elements

of the doctrine of partial performance are (1) that the agreement and its terms are clear and

definite; (2) the acts done in performance of the contract must be equally clear and definite; and

(3) the acts must be in reliance on the agreement.  Spears v. Warr, 44 P.3d 742, 751 (Utah 2002).

With regard to the third element, the acts must be unequivocally referable to the agreement such

that they admit to no explanation other than the agreement.  Herrera, 974 P.2d at 679.  The

doctrine of partial performance is an equitable doctrine and is not available to take an agreement

outside the statute of frauds in an action for damages.  See Dickens v. Quincy College Corp., 615

N.E.2d 381 (Ill. App. 1993); Allen v. Moyle, 367 P.2d 579 (Idaho 1961).

         The alleged agreement in this case - that Luthy, and according to Plaintiff, Luthy's

successors in interest, would take care of everything to do with the oil and gas lease and Plaintiff

need do nothing - was not an agreement that could be performed within one year of its making.

Thus, it falls within the statute of frauds.  Plaintiff has failed to provide any evidence of partial

performance that was taken in reliance on the alleged contract and admits to no explanation other

than the contract.  Thus, the doctrine of partial performance does not take this alleged agreement

outside the statute of frauds.  Moreover, Plaintiff's claim for breach of contract seeks only

damages, and the doctrine of partial performance is unavailable to him to take the agreement out

of the statute of frauds.  Therefore, Defendant is entitled to summary judgment on Plaintiff's claim

for breach of contract.

         Even if the statute of frauds did not apply to the alleged agreement underlying Plaintiff's

claim for breach of contract, Defendant would be entitled to summary judgment on the claim

because Plaintiff has provided no evidence that Defendant is a party to the contract.

**CONCLUSION**

Defendant's Motion for Summary Judgment is hereby GRANTED IN PART in that Defendant is entitled to summary judgment on Plaintiff's claim for breach of contract. Defendant's Motion for Summary Judgment is DENIED IN PART in that Defendant is not entitled to summary judgment based on the defenses of the statute of limitations and laches and is not otherwise entitled to summary judgment on Plaintiff's claim for breach of fiduciary duty.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE