IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL BUTT, JR.,

    Plaintiff,

v.                                                          Civil No. 03-0095 WJ/LFG

BANK OF AMERICA, N.A.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR RECONSIDERATION,
## ORDER ON RECONSIDERATION
## AND ORDER *SUA SPONTE* BIFURCATING TRIAL

      THIS MATTER comes before the Court pursuant to Defendant's Motion for Reconsideration of Motion to Strike Jury Demand [Docket No. 101]. Having reviewed the submissions of the parties and the applicable law I will grant the motion for reconsideration, but, on reconsideration, will stand by my ruling denying the Motion to Strike Jury Demand for the reasons stated herein. Further, the Court will *sua sponte* bifurcate the trial of this case as further described herein.

      Mr. Butt (Plaintiff) is suing the Bank of America (Defendant) for breach of fiduciary duty alleging that Defendant acted as successor trustee for a trust originally established in 1931 by Fred Luthy, Sr. Plaintiff alleges that the Defendant had a duty to disburse trust profits and failed to do so. Plaintiff's Amended Complaint alleged a claim for breach of fiduciary duty and a claim for breach of contract. Plaintiff also filed a jury demand.

On March 31, 2004, Defendant filed a motion to strike the jury demand. The motion was denied by Memorandum Opinion and Order filed June 1, 2004 [Docket No. 95]. Subsequently, By Memorandum Opinion and Order filed July 12, 2004 [Docket No. 97], the Court granted summary judgment in favor of Defendant on Plaintiff's breach of contract claim leaving only his claim for breach of fiduciary duty. Defendant then filed the instant Motion for Reconsideration of Motion to Strike Jury Demand.

The Memorandum Opinion and Order denying Defendant's motion to strike the jury demand noted that a claim for breach of fiduciary duty generally sounds in equity and is not subject to a jury trial. See Docket No. 95 (citing Kaitz v. District Court, 650 P.2d 553, 555 (Colo. 1982)). However, the Court also stated that, if a trustee is under a duty to pay money immediately and unconditionally to a beneficiary, the beneficiary may bring an action at law to enforce payment. See Docket No. 95 (citing Restatement (Second) of Trusts § 198). The Court concluded that Plaintiff was entitled to a jury trial on his claims because the factual allegations of his Amended Complaint sufficiently alleged that the Defendant as trustee had an unconditional and immediate duty to distribute profits. See Docket No. 95.

The Court's ruling on summary judgment granting judgment to Defendant on Plaintiff's breach of contract claim does not undermine the Court's ruling on the motion to strike jury demand. There are still disputed factual issues with regard to whether Defendant had an unconditional and immediate duty to distribute profits. See Memorandum Opinion and Order filed July 12, 2004 [Docket No. 97]. Therefore, Plaintiff is entitled to a jury trial on the issues of any breach of duty and any damages, and the ruling of this Court in its Memorandum Opinion and Order filed June 1, 2004 [Docket No. 95] stands as written.

Notwithstanding Plaintiff's right to a jury trial on the issues of breach and damages, at the summary judgment stage of this case, it became clear that there is an important threshold issue in this case concerning the question of the existence of a trust relationship between Plaintiff and Defendant.  See Memorandum Opinion and Order filed July 12, 2004 [Docket No. 97]. Questions regarding the existence of a trust relationship are clearly vested in a court of equity, and there is no right to a trial by jury on this issue.  See Drake v. Rueckhaus, 360 P.2d 395, 399 (N.M. 1961).  While the Court generally disfavors bifurcated trials, since the threshold issue in this case sounds in equity, the Court sees no reason to impanel a jury only to have it excused in the event the Court rules against Plaintiff on the question of the existence of a trust relationship. On the other hand, if Plaintiff prevails in establishing a trust relationship, then the Court will subsequently impanel a jury  to try issues concerning breach of duty and damages.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration [Docket No. 101] is GRANTED, but, on reconsideration, the relief requested therein is DENIED.

IT IS FURTHER ORDERED that the trial of this case is hereby bifurcated with the initial trial being a bench trial to resolve the issue of the existence of a trust relationship between Plaintiff and Defendant.  Such trial is set for January 3, 2005 on a trailing docket with the calendar call set for December 29, 2004 and a pretrial conference set for December 10, 2004.  A separate notice of these settings with details regarding times will be filed and sent to parties.  In the event Plaintiff prevails at the January 3, 2004 bench trial, the Court will subsequently set the remaining issues for jury trial.

_____
UNITED STATES DISTRICT JUDGE