IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL BUTT, JR.,

      Plaintiff,

vs.                                   No. CIV 03-0095 WPJ/LFG

BANK OF AMERICA, N.A.,

      Defendant.

**DEFENDANT'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

      Defendant Bank of America, N.A. hereby submits and requests entry of the

following findings of fact and conclusions of law.

**FINDINGS OF FACT**

      1.      On April 21, 1931, the State of New Mexico issued Oil and Gas Lease A-

4096 for the purpose of exploring for, developing, and producing oil and gas.

      2.      The tracts of land covered by Lease A-4096 are located in Lea County,

New Mexico.

      3.      Lease A-4096 was issued to C. Frederick Luthy, as Lessee.

      4.      New Mexico does not allow more than one lessee to be designated on its

mineral leases.

      5.      Lease A-4096 was actually owned initially by Paul Butt, Sr., C. Frederick

Luthy, and E.T. Buckley, in equal shares.

      6.      E.T. Buckley died in 1936, and his interest in Lease A-4096 was thereafter

sold to George A. Kaseman.

7.      George A. Kaseman died in 1938.  His interest in Lease A-4096 passed

initially to his estate, and thereafter to a testamentary trust.

8.      Albuquerque National Bank ("ANB") was duly appointed executor of the

Kaseman estate, and served in that capacity.  ANB was also duly appointed trustee of the

Kaseman testamentary trust, and served in that capacity.

9.      The Kaseman interest in Lease A-4096 initially passed to the Kaseman

estate, and thereafter to the Kaseman testamentary trust.  In 1957, the Kaseman interest in

Lease A-4096 was assigned to Defiance Coal Company.

10.     On April 19, 1948, C. Frederick Luthy executed a document relating to

Lease A-4096, entitled "Declaration of Trust."  The document was not signed by Paul

Butt or by anyone on behalf of the Kaseman estate.  The document did not identify a

successor trustee, or provide a means for appointment of a successor trustee.

11.     Paul Butt Sr. died intestate 1953.  Paul Butt Jr. was his sole legal heir.

12.     On March 12, 1953, Paul Butt Jr. signed, and thereafter filed with the New

Mexico District Court for the Second Judicial District Court, an inventory of his father's

estate.  The inventory included and specifically listed and described Butt Sr.'s undivided

one-third interest in the properties covered by Lease A-4096.

13.     On May 5, 1955, Paul Butt Jr. signed a receipt, acknowledging that he had

received all of the assets of his father's estate, including his undivided third of the

leasehold covered by Lease A-4096.

14.     On December 7, 1954, Luthy, Butt Jr., and George Larson, who was

president of Defiance Coal Company, signed an affidavit which set forth historical facts

relating to the acquisition and management of Lease A-4096.  In the affidavit, Luthy,

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 2**

Larson, and Butt Jr. acknowledged and agreed that they had delegated "full and complete power of disposition" of Lease A-4096 and the interests thereunder to C. Frederick Luthy.

15.     The December 7, 1954 affidavit described the Luthy-Butt-Defiance entity as a "syndicate."

16.     The Luthy-Butt-Defiance entity was represented by the Modrall law firm in Albuquerque.

17.     The Luthy-Butt-Defiance entity was represented by Haskins & Sells, a Denver firm of Certified Public Accountants.

18.     The Modrall law firm and Haskins & Sells treated and described the Luthy-Butt-Defiance entity as a joint venture, and for tax purposes, as a partnership.

19.     The Luthy-Butt-Defiance entity filed its tax returns as a partnership.

20.     Paul Butt Jr. has always regarded the Luthy-Butt-Defiance entity as a partnership or a joint venture.

21.     In 1972, ANB, through a trust officer, executed an affidavit, which described the Luthy-Butt-Defiance entity as a partnership, which terminated on the death of C. Frederick Luthy.

22.     C. Frederick Luthy died testate on January 11, 1963.  His will named Albuquerque National Bank as executor of his estate, and as trustee of his testamentary trust.

23.     Among the assets included in the inventory of the estate of C. Frederick Luthy was his undivided one-third interest in the properties included in Lease A-4096.

**Defendant's Proposed Findings of Fact
and Conclusions of Law
Page 3**

Neither the Luthy estate nor the Luthy testamentary trust received any interest in Lease A-4096 other than Luthy's one-third.

24.     Following Luthy's death, his surviving partners and his estate each assumed "full and complete power of disposition" over their respective interests in Lease A-4096 and the interests thereunder.

25.     On May 15, 1963, Paul Butt Jr., through his attorney, offered to sell his undivided interest in Tracts 12, 13, 14, 18, 19, and 20, as set forth and described in Lease A-4096, to Humble Oil & Refining Co.  The offer was accepted by Humble on May 21, 1963.

26.     In the May 15, 1963 offer, Mr. Butt represented to Humble that "the Estate of C. Frederick Luthy, now deceased, has the entire official title to said land but that the leasehold interest is actually owned one-third by Paul Butt Jr., one-third by Defiance Coal Company, and one-third by the Estate of C. Frederick Luthy, deceased.

27.     On June 19, 1963, William E. Bondurant Jr., of the Hervey, Dow & Hinkle law firm, issued a title opinion to Humble, relating to the interests covered by the May 15, 1963 offer.  In his opinion, Mr. Bondurant stated that "since Mr. Luthy is now deceased his power of control and sale has now ceased and it is not vested in his heirs or devisees."  Mr. Bondurant further opined that the one-third interests owned by Paul Butt Jr., Defiance Coal Company, and the estate of C. Frederick Luthy were "titles in real property and not merely contract rights to profits."  In subsequent correspondence regarding this issue, Mr. Bondurant expressed the opinion that "the trust which Mr. Luthy had in mind when he made his Affidavit of December 7, 1954 … and the unrecorded trust dated April 19, 1948 terminated when he died."  Mr. Bondurant further opined that

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 4**

"it may be that upon the death of Mr. Luthy this became a dry trust and the legal title would go over to the beneficiaries under the Statutes of Uses…"

28.    On October 8, 1953, Paul Butt Jr. independently conveyed his interest in Lease A-4096 tracts 12, 13, 14, 18, 19, and 20 to Humble Oil & Refining Co.  In exchange for his assignment, Paul Butt Jr. was paid $31,964.80.  This sum was sent to Mr. Butt's attorney, who transmitted the draft to Mr. Butt on November 11, 1963.

29.    Prior to his death, in November of 1962, C. Frederick Luthy executed a farmout agreement with Mann Rankin, for the property covered by Lease A-4096, Tract 3.  Following Luthy's death, Paul Butt Jr. communicated directly with Mann Rankin, independently of ANB.  On October 22, 1964, Rankin executed an Assignment of Overriding Royalty Interest, in which he conveyed to Paul Butt Jr., his proportional share of the overriding royalty from that tract.

30.    On October 28, 1965, ANB, as testamentary trustee of the C. Frederick Luthy Estate, executed an assignment of the Estate's interests in Lease A-4096, Tracts 6 and 7, to Charles R. Turner.  On May 25, 1970, Paul Butt Jr. ratified this assignment with respect to his separate interests.

31.    On June 17, 1971, ANB, in its capacity as executor of the estate of C. Frederick Luthy, wrote to Shell Oil Company regarding Lease A-4096, Tract 22.  In the letter, ANB advised Shell that "the Luthy Estate in reality owned only a 1/3 interest in the 1/21 of the 7/8 working interest," that "Mr. Luthy was an equal partner in the Luthy-Butt-Defiance partnership," and that Luthy's interest was "only 1/3 rather than the whole thereof."

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 5**

32.     On or around March 28, 1972, Paul Butt Jr. independently executed a division order, which correctly reflected his separate, one-third ownership interest in Lease A-4096, tract 22.  The producer of the well on that tract was Shell Oil Company. Beginning no later than May of 1972, Paul Butt communicated directly with Shell Oil Company regarding his interest in this tract and well.

33.     On December 8, 1981, Paul Butt Jr. independently assigned his interest in Lease A-4096, Tract 9, to HNG Oil Company.

34.     On January 3, 1992, Paul Butt Jr. independently conveyed his interest in Lease A-4096, Tract 22, to the Permian Basin Acquisition Fund.

35.     On October 11, 1994, Paul Butt Jr. independently assigned his interest in Lease A-4096, Tract 10, to Logro Corporation.  On October 6, 1997, Paul Butt Jr. independently granted to Logro Corporation an extension of this assignment.

36.     On January 20, 1998, Paul Butt Jr. independently assigned to Rio Pecos Corporation his interest in Lease A-4096, Tract 2.

37.     ANB was appointed executor of the estate of George A. Kaseman pursuant to the terms of his will.

38.     ANB was appointed trustee of the George A. Kaseman testamentary trust, pursuant to the terms of Mr. Kaseman's will.

39.     ANB was appointed executor of the estate of C. Frederick Luthy pursuant to the terms of his will.

40.     ANB was appointed trustee of the C. Frederick Luthy testamentary trust, pursuant to the terms of Mr. Luthy's will.

41.     ANB was never appointed to serve as trustee for Lease A-4096.

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 6**

42.    ANB did not, at any time, serve as trustee for Lease A-4096.

43.    ANB was never appointed to serve as trustee for Paul Butt Jr.

44.    No successor trustee was appointed after C. Frederick Luthy's death to carry out the responsibilities set forth in the 1948 Declaration of Trust.

45.    ANB was never retained or appointed to serve in any fiduciary capacity for Paul Butt Jr.

46.    ANB never agreed to serve as trustee, or in any other fiduciary capacity,. for Paul Butt Jr.

47.    ANB never served as trustee, or as fiduciary, for Paul Butt Jr., in any way regarding Lease A-4096.

48.    No special relationship giving rise to a fiduciary duty existed at any time between ANB and Paul Butt Jr.

49.    ANB and its successors, have continued to serve as trustee for the Luthy testamentary trust since its creation.

50.    ANB and its successors have, in the capacity of trustee for the Luthy testamentary trust, continued to pay annual rental payments due under Lease A-4096.

51.    Paul Butt Jr. is a sophisticated business person, who received an MBA from the University of New Mexico in 1959.

52.    Paul Butt Jr. worked from 1959 until 1987 with E.F. Hutton & Company, during which he was a stock broker, an account executive, branch manager, and regional manager.

53.    During his career at E.F. Hutton & Company, Paul Butt Jr. handled the money and assets of others, and acted as trustee for various customers.

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 7**

**CONCLUSIONS OF LAW**

1.      The Luthy-Butt-Defiance entity was a partnership.

2.      The Luthy-Butt-Defiance entity was not a trust.

3.      The 1948 Declaration of Trust did not create a valid trust.

4.      The Luthy-Butt-Defiance partnership dissolved by operation of law upon the death of C. Frederick Luthy.

5.      The undivided one-third interests owned by Paul Butt Jr., Defiance Coal Company, and the estate of C. Frederick Luthy in Lease A-4096 were real property interests.

6.      Paul Butt Jr. had complete control over his undivided one-third interest in Lease A-4096 after C. Frederick Luthy's death.

7.      Any trust created by the 1948 Declaration of Trust lapsed upon the death of C. Frederick Luthy.

8.      Any trust created by the 1948 Declaration of Trust became a dry trust upon the death of C. Frederick Luthy.

9.      The undivided one-third interests owned by Paul Butt Jr., Defiance Coal Company, and the estate of C. Frederick Luthy in Lease A-4096 have not been held in trust since C. Frederick Luthy died in 1963.

10.      Neither ANB nor any of its successors has ever served as fiduciary for Paul Butt Jr.

**Defendant's Proposed Findings of Fact
and Conclusions of Law
Page 8**

HOLLAND & HART LLP


By(*Electronically filed                   )

      Bradford C. Berge
      Post Office Box 2208
      Santa Fe, NM  87504-2208
      505-988-4421
      505-983-6043 (fax)

**Defendant's Proposed Findings of Fact
and Conclusions of Law
Page 9**

### CERTIFICATE OF SERVICE

I certify that on December 29, 2004, I served a copy of the foregoing document to the following by

☐          U.S. Mail, postage prepaid
☐          Hand Delivery
☒          Facsimile

Martin E. Threet, Esq.
6400 Uptown Blvd. N.E.
Suite 500 West Tower
Albuquerque, NM  87110

*Electronically filed*
Bradford C. Berge

3320403_1.DOC

**Defendant's Proposed Findings of Fact**
**and Conclusions of Law**
**Page 10**