FILED IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

**05 JAN -3 AM 10: 38**

PAUL BUTT. JR.,

CLERK-ALBUQUERQUE
Plaintiff,

v.                                                           CIVIL NO. 03-0095-WPJ/LFG

BANK OF AMERICA, N.A.,

Defendant.

## PLAINTIFF'S REQUESTED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

COMES NOW Paul Butt, Jr., Plaintiff herein, by his attorney, Martin E. Threet, and hereby

present to the Court the following:

## REQUESTED FINDINGS OF FACT

1. The Defendant is the successor in interest to the corporations known as Albuquerque

National Trust and Savings Bank, Albuquerque National Bank, Sunwest Bank, Boatman's Bank.

Nations Bank, and Bank of America.

2. On or about April 21, 1931, Fred Luthy, then the President of Albuquerque National Trust

and Savings Bank, received from the State of New Mexico, acting through its Commissioner of

Public Lands, Lease No. A-4096, being an oil and gas lease for lands in Lea County, New Mexico.

3. Fred Luthy acquired the mineral interests and lease in conjunction with Paul Butt, Sr., the

father of the Plaintiff herein, and E. T. Buckley.

4. The said Paul Butt, Sr. and E. T. Buckley were a part of a consortium consisting of Fred

Luthy, Paul Butt, Sr., and E. T. Buckley, formed for the purpose of investing in oil and gas leases in

the state of New Mexico.



5. On April 21, 1931, Fred Luthy received the lease, recognizing the equitable interest of Paul Butt, Sr., and E. T. Buckley.

6. E. T. Buckley died before performing any services to the consortium and the Buckley interest was purchased by George Kaseman.

7. Fred Luthy declared himself a trustee of the interest of Paul Butt, Sr. and George Kaseman, and acknowledged his duties as Trustee through a Declaration of Trust executed by him on April 19, 1948.

8. The Declaration of Trust was filed in the records of Lea County, New Mexico on April 1, 1964 by Albuquerque National Bank acting as the personal representative of the Luthy Estate.

9. Under the terms of the said Declaration of Trust, Fred Luthy was to have absolute control of the handling and disposition of the Lease and the periodic distribution of monies to the two (2) beneficiaries.

10. On December 7, 1954, the said Fred Luthy executed an Affidavit in conjunction with J. R. Modrall, senior partner of Modrall, Seymour, Sperling, Roehl and Harris, Attorneys at Law, attorneys for the Defendant predecessor, Albuquerque National Bank, joined with Paul Butt, Jr., Anna T. Kaseman, and George Carson, in which the said Trust was confirmed and ratified by the signatories.

11. That Affidavit was filed in Lea County, New Mexico on December 6, 1960.

12. On May 25, 1970, the Albuquerque National Bank executed a document styled Ratification and Amendment to Agreement in which it recognized the Trust existing, and on January 22, 1982, another Acknowledgement of the Trust was executed by the Albuquerque National Bank as Executor of Charles Frederick Luthy, Deceased.

13. Fred Luthy and the Albuquerque National Bank had more than ample opportunity to disclaim any interest in the Trust, but as shown by Plaintiff's Exhibit 31, Fred Luthy filed a claim in the George Kaseman estate seeking a Declaration of Rights as to the Butt-Kaseman-Luthy Joint Venture; but on September 18, 1944, the Petition was withdrawn as shown by Plaintiff's Exhibit 32.

14. As shown by Plaintiff's Exhibit 30, on March 23, 1964, a letter from W. E. Bondurant, Jr. was sent to James E. Sperling concerning the Luthy interest, setting forth various aspects of the Trust, and he describes the Trust as being unrecorded and believes that the said Trust was terminated when Fred Luthy died. No such provision was contained in the Trust, and the Trust continued in the personage of Albuquerque National Bank as the Executor of the Estate of Fred Luthy.

15. In the Bondurant letter, again it is recommended that conveyances go out to Defiance (successor in interest to the Kaseman interest), and Paul Butt, Jr. This never took place.

16. As shown by Plaintiff's Exhibits 25, 25 A, 26, 27, 28, 28A, 28B, and 29, the Albuquerque National Bank continued to administer the affairs of the Luthy-Kaseman (Defiance)-Butt interests after the death of Fred Luthy and assumed the role of a fiduciary in a relationship to the individuals that were involved.

17. Paul Butt, Sr. died on January 2, 1953, and Paul Butt, Jr., Plaintiff herein, is the sole heir of the Estate of Paul Butt, Sr.

18. The assets of the Trust continued to be maintained in the name of Luthy, and the Albuquerque National Bank treated the matter as if they were the Trustee acting in all regards as a Trustee.

19. An example of the actions of Albuquerque National Bank is shown by the Assignments, Plaintiff's Exhibit 14: the Overriding Royalty Agreement, Exhibit 15: the Assignment to Pauley

3

Petroleum, Exhibit 16; the Overriding Royalty Agreement, Exhibit 17.

20. In addition, apparently there was a savings account maintained by Albuquerque National Bank in which the proceeds of the various income from the oil leases was deposited as shown by Plaintiff's Exhibit 19; the receipts in the Fred Luthy Estate, Exhibit 20; and the letter from Doug G. Nichols, Exhibit 24.

21. The Estate of George Kaseman reflected such a savings account as shown by Plaintiff's Exhibit 13.

22. No accounting of that savings account as been given to the Plaintiff herein.

23. No history of that savings accounting has been provided to the Plaintiff herein.

24. In Plaintiff's Exhibit 24, Mr. Nichols describes partnership tax returns that have been filed through information proved by Albuquerque National Bank. No such returns have been furnished.

25. Plaintiff's Exhibit 18 reflects the transfers back and forth, as reflected by the records of the Commissioner of Public Lands, between Albuquerque National Bank and Pauley Petroleum, the Assignment which was referred to in Plaintiff's Exhibit 16.

26. The Plaintiff was billed on several occasions by Sunwest Bank as shown by Plaintiff's Exhibit 21.

27. The State of New Mexico continued to carry the billing statement in the name of Fred Luthy as shown by Plaintiff's Exhibits 22 and 22A.

28. As shown by Plaintiff's Exhibits 9, 10, and 11, the Lease in question has consistently been maintained either in the name of Fred Luthy, Sunwest Bank, or Bank of America.

29. At all times pertinent hereto, after the death of his father, the Plaintiff herein, who was

4

only nineteen (19) years of age at the date of the death of the death, relied upon Fred Luthy and the Albuquerque National Bank as the Plaintiff's mentor and protector to conserve his interests, to advise him, and to protect his interests.

30.  While Fred Luthy may have administered the interests owned by Paul Butt, Jr. in the Trust that Mr. Luthy had declared, he did not relate information to the plaintiff concerning the affairs that he was administering.

31.  As a consequence, Plaintiff remained continually somewhat ignorant about the status of his interests.

32.  An example of this is reflected by the Affidavit signed by Fred Luthy that appears as Plaintiff's Exhibit 3.

33.  In that Affidavit, Mr. Luthy describes the fact that there had been a number of leases taken by him in which Paul Butt, Sr. was to have a one-third (1/3) interest.

34.  One lease, Lease A-4096 and its adjunct, A-4096-14 are the only leases that have surfaced.

35.  On May 16, 2002, the Bank of America sent the letter, Plaintiff's Exhibit 7, to the Plaintiff, among others, reflecting their interests.

36.  In Exhibit 7, the Defendant acknowledged the Declaration of Trust executed by Fred Luthy, and explained what it believed its role to be was: showing receipt and disbursement of funds and reimbursement requested from the various interested owners.

37.  The Declaration of Trust was included in Plaintiff's Exhibit 7.

38.  Apparently, as shown by Plaintiff's Exhibit 24, partnership tax returns had been prepared and filed through Peat, Marwick and Mitchell; and the fee for the preparation of those tax returns

was paid by Albuquerque National Bank; but the said tax returns have never been produced and furnished to the Plaintiff herein.

39. On May 19, 2004, as shown by Plaintiff's Exhibit 8, the Defendant had again paid the rentals on the various leases, including those in which the Plaintiff had an interest, and reimbursement was requested.

40. At no time has the Defendant or any of its predecessors applied to a Court to have the Trust declared by Fred Luthy either dissolved, terminated, or a new Trustee appointed.

41. As shown by Plaintiff's Exhibit 7, the Defendant acknowledges the fact that the said lease was still held in the name of Fred Luthy, Sunwest Bank as agent for Fred Luthy, and Bank of America N.A. as successor to Sunwest Bank.

42. At the time of the execution of Plaintiff's Exhibit 7, the Defendant requested that the beneficial owners seek an additional Trustee or fiduciary.

43. However the beneficial owners did not, and have not taken any steps, for that purpose.

44. As shown by the Division Orders tendered by the Plaintiff and in particular, Plaintiff's Exhibit 28A, there is a Machris interest that was, in fact, conveyed out by Albuquerque National Bank on or about May 27, 1963, after the death of Fred Luthy; and the Plaintiff has never received any accounting or payment of the royalties that have admittedly been received by the other beneficiaries, and apparently have been received by Albuquerque National Bank.

45. The Plaintiff has requested that a full accounting of his interests as administered by the Defendant and its predecessors be given to him, and the Defendant has refused to give such an accounting.

Based upon the foregoing Requested Findings of Fact, the Plaintiff does hereby present to

the Court:

## REQUESTED CONCLUSIONS OF LAW

1. This Court has jurisdiction of the Plaintiff and the Defendant.

2. The Plaintiff is the successor in interest through various transfers of the original interest of Albuquerque National Trust and Savings Bank, Albuquerque, New Mexico, the succession being described in the foregoing Requested Findings of Fact.

3. Fred Luthy, during his lifetime, and pursuant to the Declaration of Trust dated April 14, 1948, and the title to Lease #A-4096 being held by Fred Luthy, was the Trustee and fiduciary on behalf of Paul Butt, Sr. as to a one-third (1/3) interest.

4. Upon his death on January 11, 1963, Albuquerque National Bank as the Executor of his estate commenced the administration of the interest that had previously been administered by Fred Luthy as to Paul Butt, Jr. (Paul Butt, Sr. having previously died and Paul Butt, Jr. being his sole heir).

5. From the date of the death of Fred Luthy, the predecessors, as well as the Defendant, carried out the duties of a Trustee or a fiduciary as to the interest of Paul Butt, Jr.

6. At no time did the Defendant seek to secure a termination of the trust, but continued on a year-to-year basis, including the year 2004, to act in a fiduciary capacity and as Trustee.

7. At all times pertinent hereto, the Plaintiff was entitled to rely upon the representations of Fred Luthy, the actions of Albuquerque National Bank, and the Defendant herein, these entities being in a fiduciary role, and likewise having superior knowledge to that which the Plaintiff could not have, and therefore being required by the tenets of good faith and fair dealing, as well as the laws of the State of New Mexico concerning trusts, and the Tort of Deceit, to make

Case 2:03-cv-00095-WPL-LFG   Document 117   Filed 01/03/05   Page 8 of 8

a full disclosure to the Plaintiff.

      8.  Having continued to act in said capacity without seeking to relinquish its role, the Defendant is still to this date, a Trustee as to the Plaintiff; and as a consequence, owes to him a full accounting of all monies received and all monies paid from the various interests arising out of Lease A-4096 and A-4096A, including the monies received from the Machris Lease.

      9.  That the actual accounting and the duty to account will be determined in another forum as previously ordered by this Court.

Respectfully submitted,

MARTIN E. THREET AND ASSOCIATES

By: _____
        Martin E. Threet
Attorneys for the Plaintiff
6605 Uptown Blvd. NE. Suite 28-
Albuquerque, NM  8721210
Telephone: (505) 881-5155
Facsimile: (505) 881-5356

I HEREBY CERTIFY that a true and correct
copy of these Plaintiff's Requested Findings
of Fact and Conclusions of Law were sent by
facsimile and U. S. Mail to Bradford C. Berge,
Attorney at Law, this 31st day of December,
2004.

_____
MARTIN E. THREET

8